**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-81102-CIV-COHN/SELTZER**

ADOBE SYSTEMS INCORPORATED,
a Delaware Corporation,

    Plaintiff,
v.

BEA'S HIVE LLC, a Florida
Limited Liability Company;
FULFILLMENT SOLUTION
SERVICES, LLC, a Florida Limited
Liability Company; NEW EPIC MEDIA
LLC, a Florida Limited Liability Company,
SELACORP, LTD., a Nevada Corporation;
SUPREME GROWERS LLC, a Florida
Limited Liability Company; VEGALAB
LLC, a Delaware limited Liability Company;
STEVEN BLACKBURN, and individual,
DAVID SELAKOVIC, an individual, and
DOES 1-19, inclusive,

    Defendants.
_____/

## UNOPPOSED MOTION AND AFFIDAVIT REQUESTING PROCEEDINGS SUPPLEMENTARY AND DEBTOR EXAMINATION

Plaintiff /Judgment Creditor ADOBE SYSTEMS INCORPORATED ("Creditor Adobe"), through its counsel of record, hereby respectfully requests initiation of proceedings supplementary to execution on final judgment pursuant to *Federal Rules of Civil Procedure* 69(a)(2) and Section 56.29(1), Florida Statutes (2018), against Defendants/Judgment Debtors DAVID SELAKOVIC ("Debtor Selakovic") and SELACORP, LTD. ("Debtor Selacorp") (collectively "Judgment Debtors"). *Federal Rules of Civil Procedure* 69(a)(2) mandates that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Section 56.29(1), Florida Statutes (2018),

1

states "[w]hen any judgment creditor holds an unsatisfied judgment . . ., the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interests, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution." Accordingly, Creditor Adobe attests to the following in support of this instant Motion.

On December 10, 2018, for the matter titled *Adobe Systems Incorporated v. Bea's Hive, LLC*, et al., Case No. 9:14-cv-81102-JIC, in United States Southern District of Florida, the Honorable James I. Cohn entered a Consent Final Judgment (ECF #207) against Judgment Debtors for the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00), jointly and severally, on Creditor Adobe's First Amended Complaint for Damages asserting claims of trademark infringement arising under 15 *U.S.C.* § 1114; trademark infringement arising under 15 *U.S.C.* § 1125(a); dilution and tarnishment arising under 15 *U.S.C.* § 1125(c); contributory trademark infringement arising under 15 *U.S.C.* §§ 1114, 1125(a) and common law; copyright infringement under 17 *U.S.C.* § 501(a); contributory copyright infringement under 17 *U.S.C.* § 501(a) and common law; trademark infringement under Florida common law; unfair competition under Florida common law; and deceptive and unfair trade practices under Fla. Stat. § 501.204(1). See Declaration of Christopher Q. Pham ("Pham Decl."), ¶1.

The valid Consent Final Judgment against Judgment Debtors was pursuant to the parties' stipulation for entry of a consent final judgment against Judgment Debtors (ECF #206, 206-1, 206-2) where the parties "hereby stipulate and agree to entry of the [Proposed] Consent Final Judgment against Defendants in the form and content as set forth in the form filed concurrently herewith," which is the entered Consent Final Judgment (ECF #207). Pursuant to the Consent Final Judgment, Judgment Debtors are liable for a judgment amount of $1,800,000.00, of which to date has not been satisfied and remains outstanding. Creditor Adobe reserves the right to recover all accrued costs and interests pursuant to its efforts towards satisfaction of the Consent Final Judgment. Accordingly, Creditor Adobe is entitled to the requested proceedings supplementary.

Pham Decl., ¶¶2-3.

Creditor Adobe requests expedited discovery in proceedings supplementary and an order for a debtor's examination of Judgment Debtors pursuant to Section 56.30, Florida Statutes (2018), which states in relevant part "[i]n addition to any other discovery permitted under the rules of civil procedure, on the judgment creditor's motion the court shall require the judgment debtor to appear before it or a general or special magistrate at a time and place specified by the order in the county of the judgment debtor's residence or principal place of business to be examined concerning property subject to execution."  Judgment Debtors and their counsel have assented to attend a debtor's examination. Pham Decl., ¶4.  Therefore, Creditor Adobe requests an order requiring Judgment Debtors to appear before Magistrate Judge Barry S. Seltzer for a debtor's examination pursuant to Magistrate Judge Rule 1(i)(12), according to the Court's earliest availability.

Furthermore and as set forth in the Consent Final Judgment, "[Judgment Debtors] shall cooperate in the execution and recognition of this Final Judgment as well as any collection and levying process, which would include. . . a debtor examination of Defendants with the production of financial documents at the U.S. Court."  Accordingly, Creditor Adobe requests that the Court order Judgment Debtors to produce financial documents necessary to identify assets and property subject to satisfaction of the Consent Final Judgment. Pham Decl., ¶5.

/ / /

/ / /

/ / /

Creditor Adobe reserves the right to recover all accrued costs and interests pursuant to its efforts towards satisfaction of the Consent Final Judgment. Pham Decl., ¶6.

## LOCAL RULE 7.1 CERTIFICATE

Counsel for Creditor Adobe has met and conferred with Judgment Debtors' counsel, who has indicated that Judgment Debtors are unopposed to the relief requested and the proposed Order Initiating Proceedings Supplementary and Setting Debtor's Examination.

Respectfully submitted January 28, 2019.

*/s/ Robert H. Thornburg*
Robert H. Thornburg
Florida Bar No. 630829
E-Mail: rthornburg@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, Florida 33131
Telephone:   (305) 374-8303
Facsimile:    (305) 374-8306

Co-Counsel:

Christopher Q. Pham, Esq.
(Admitted pro hac vice)
E-Mail: cpham@johnsonpham.com
Nicole L. Drey, Esq. (Admitted pro hac vice)
E-Mail: ndrey@johnsonpham.com
Marcus F. Chaney (Admitted pro hac vice)
E-Mail: mchaney@johnsonpham.com
JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

*Counsel for Plaintiff/Judgment Creditor*
*Adobe Systems Incorporated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2019, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") System, which will send a Notice of Electronic Filing to all counsel of record.

    James D. Ryan
    E-Mail: jdr@ryanlawgroup.net; sue@ryanlawgroup.net
    RYAN LAW GROUP, LLC
    636 US Highway One, Suite 110
    North Palm Beach, FL 33408
    Telephone: (561) 881-4447
    Facsimile: (561) 881-4461

    *Counsel for Defendants/*
    *Judgment Debtors Selacorp, Ltd.*
    *and David Selakovic*

    *s/Robert H. Thornburg*
    Robert H. Thornburg