UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81102-CIV-COHN/SELTZER

ADOBE SYSTEMS INCORPORATED,
a Delaware corporation,

    Plaintiff,

vs.

SELACORP, LTD., a Nevada corporation,
and DAVID SELAKOVIC, an individual,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Plaintiff's Motion and Affidavit Requesting Proceedings Supplementary and Debtor Examination [DE 208] before the undersigned Magistrate Judge. The District Court has previously referred all discovery matters to the undersigned [DE 43]. Defendants oppose the requested proceedings and have filed a Memorandum in Opposition [DE 209]. Plaintiff filed a reply memorandum in support of the Motion [DE 210] and the matter is now ripe.

On December 10, 2018, the Court entered a Consent Final Judgment [DE 207] against David Selakovic ("Selakovic") and Selacorp, Ltd. ("Selacorp") (collectively "Judgment Debtors") and in favor of Adobe Systems Incorporated ("Judgment Creditor"). On January 28, 2019, Plaintiff filed the present motion and, in support, submitted the Declaration of Christopher Q. Pham [DE 208-1], which testified to the entry of the Consent

1

Final Judgment against Defendants in the amount of $1,800,000.00 and to the fact that the judgment has not been satisfied and remains outstanding.

Judgment Creditor seeks to conduct proceedings supplementary and examination of Judgment Debtors pursuant to Federal Rule of Civil Procedure 69(a)(1) and Florida Statute § 56.29. Judgment Debtors object to the commencement of proceedings supplementary and argue that the proper procedure requires post-judgment discovery in aid of execution, with proceedings supplementary being available only to implead third parties who are found through discovery to hold Judgment Debtors' nonexempt property. The Court disagrees and concludes that Judgment Creditor is entitled to institute proceedings supplementary and conduct an examination of debtor.

Rule 69(a)(1), Federal Rules of Civil Procedure, provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). Florida law provides for proceedings supplementary:

> To initiate proceedings supplementary, section 56.29(1) requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding. When a judgment creditor holds an unsatisfied judgment and filed a motion and affidavit in compliance with section 56.29(1), the judgment creditor is entitled to these proceedings supplementary to execution. Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion.

Longo v. Associated Limousine Services, Inc., 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018) (internal quotations and citations omitted). Furthermore, Florida law permits the examination of the judgment debtor in the proceedings supplementary prior to the issuance of a Notice to Appear. Fla. Stat. § 56.30(1).

Judgment Creditor has filed a motion and an affidavit on compliance with Fla. Stat. § 56.29(1). Thus, the jurisdictional prerequisites for proceeding supplementary have been met. See General Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). In addition, the Court notes that Judgment Debtors agreed in the Consent Judgment to "cooperate in the execution and recognition of this Final Judgment . . . which would include . . . a debtor examination of Defendants with the production of financial documents at the U.S. Court" [DE 207]. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion and Affidavit Requesting Proceedings Supplementary and Debtor Examination [DE 208] is **GRANTED**. Counsel for Judgment Creditor shall coordinate with counsel for Judgment Debtors to obtain three agreed-upon alternative dates for the examination and to notify Chambers (954.769.5450) of those dates, along with an estimate of time for the proceedings. The Court will then issue an order scheduling the examination.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of February 2019.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF